UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MICHAEL FOSTER, | ) | CASE NO. 1:08 CV 2144 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| PATRICIA KOCH WINDHAM, | ) | <u>AND ORDER</u> |
| | ) | |
| Defendant. | ) | |

<u>Pro se</u> plaintiff Michael Foster filed the above captioned action under 42 U.S.C. § 1983 against Assistant Public Defender Patricia Koch Windham. In the complaint, plaintiff alleges that Ms. Windham did not adequately represent him on the appeal of his criminal conviction. He seeks monetary relief.

## Background

Mr. Foster was incarcerated in the Southern Ohio Correctional Institution during the 1993 riots, and in the course of that incident, took action to protect several guards from harm. As a result, he is now in long-term protective custody to keep him safe from inmate reprisals. After the riot, he was transferred to the Marion Correctional Institution ("MCI").

New charges were filed against Mr. Foster in 2002. At that time, he was taken from

MCI to the Cuyahoga County Jail to await trial. He states that the jail did not provide him with adequate protection. After several assaults at the hands of other inmates, he decided to plead guilty to all the charges on November 13, 2002. He stated to the judge that he feared for his life and was taking this action solely to be moved out of the jail. The judge accepted his guilty plea.

Thereafter, Mr. Foster appealed his conviction. Ms. Windham was appointed to represent him on appeal. Mr. Foster claims she did not contact him until seven days before his brief was due, refused to raise issues concerning his fear for his safety, did not obtain pretrial transcripts, and failed to investigate any of his claims. His conviction was affirmed by the Ohio Eighth District Court of Appeals. He attempted to re-open his appeal with new counsel to challenge the effectiveness of Ms. Windham's representation, but the Court of Appeals denied his Motion. He did not appeal that decision to the Ohio Supreme Court.

Instead, Mr. Foster filed a Petition for a Writ of Habeas Corpus in 2005 on the grounds that his plea was involuntary and that his appellate counsel was ineffective. The writ was conditionally granted in November 8, 2007. The State of Ohio was given 120 days to give Mr. Foster a trial or accept a new plea. The State is providing him with the new trial. The matter is still pending in the Cuyahoga County Court of Common Pleas.

Mr. Foster has now filed this § 1983 action against Ms. Windham. He states that he was unable to file this action sooner because he first had to obtain the reversal of his criminal conviction. He claims Ms. Windham showed "deliberate indifference toward plaintiff's constitutional rights." (Compl. at 4.) He states he was denied procedural due process because he was denied competent counsel. He seeks monetary damages for mental anguish and distress, and Ms. Windham's disbarment.

2

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

Mr. Foster fails to set forth a claim under 42 U.S.C. § 1983. To establish a prima facie case under § 1983, plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981). Generally to be considered to have acted "under color of state law," the person must be a state or local government official or employee. A private party may be found to have acted under color of state law to establish the first element of this cause of action only when the party "acted together with or ... obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). An individual may also be considered a state actor if he or she exercises powers traditionally reserved to a state. Jackson v. Metropolitan Edison

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

3

Co., 419 U.S. 345, 352 (1974). Defense attorneys and public defenders appointed by the court are not considered state actors. Polk County v. Dodson, 454 U.S. 312, 321 (1981). They are private parties for purposes of § 1983. Consequently, to state a claim, Mr. Foster must allege facts to suggest that Ms. Windham obtained significant aid from state officials to such a degree that her actions may be attributable to the state. The complaint contains no allegations reasonably suggesting that this defendant may be considered to be a "state actor." Mr. Foster fails to state a claim for relief under 42 U.S.C. § 1983.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: January 12, 2009

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

4